This was a hill filed by the complainant to obtain an injection against a judgment at law, which Boykin had recovered against the complainants, on a contract made during the revolutionary war, when the paper money, then in circulation, was greatly depreciated. The legis-láture had passed an act, on the 16th March, 1783, enti-tied, « An ordinance for settling a depreciation table.” By this act it was ordained, that the table of depreciation, annexed to the act, stating the progressive depreciation of the paper currency monthly, from .the month of May 1777, to the month of May 1780, should «he the rule for the determination of all differences which may arise on ■any contracts which have been made in this state, by any private persons, and which still subsist.” And that « in the settlement of the depreciation on such contracts, the value of the money shall be fixed at the time the contract was made, and not at the time the contract was to have been fulfilled.”
To prevent the enforcement of the judgment at law, on the nominal amount of the debt, and to have the benefit of the depreciation act, was the object of the bill of the complainant.
Upon the hearing of the case, the court ordered, «that the debt in this case be liquidated by the master according to the table of depreciation, and that on payment of the balance of the debt and costs at law, and of this suit, the defendant Boykin acknowledge satisfaction on the judgment obtained by him against the complainants.”*

 Although the depreciation act speaks only of contracts, it wa3 extended by construction, and upon the reason of the thing, to legacies, and all other transactions arising during the progress of the depreciation of the paper currency: and payments made during depreciation were also reduced by the scale established by law. In the case of Ro *109 berts v. the executors of Cattell, the complainant sought by his bill the payment of a legacy bequeathed to him by the will of William Cattell. A large payment had been made to the complainant Roberts, on the legacy, during the time of depreciation. In the settlement, the court ordered that the sum so paid should he reduced by the scale of depre-c.kiion. The debts and credits in executors’ accounts were also subjected to the scale of depreciation. — -See the caseofDe Bruhm 8c others v. the executors of Fenwicke. Register’s book, No. 1, p. 20.